# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| 26 BEVERLY GLEN, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>WYKOFF NEWBERG CORPORATION, a Nevada corporation; INTERNATIONAL SMELTING COMPANY, INC., a Nevada corporation; DOES 1 through 10, inclusive; ROE CORPORATIONS 11 through 20, inclusive,<br><br>        Defendants.<br>_____ | 2:05-CV-862-BES-GWF<br><br><br><br>**ORDER** |

The Court has reviewed the Order of Magistrate Judge Foley (#84) dated September 20, 2006, in which the Magistrate Judge considered the Plaintiff's Motion to Amend Scheduling Order Regarding Report of Expert Witnesses, or Alternatively to Allow Rebuttal Report and Testimony of Plaintiff's Rebuttal Expert Witness (#71). Defendants filed Objections to Magistrate Judge Foley's Order (#88) and Plaintiff filed a Reply to Defendants' Untimely[1] Objections (#89). Thereafter, Defendants filed a Reply in Support of Defendants' Objections (#90). In response, Plaintiff filed a Motion to Strike Defendants' Unauthorized Reply (#91), to which Defendants filed an Opposition (#92).

---

[1] The Magistrate Judge's Order was electronically filed and served on September 22, 2006. Pursuant to Rule 72(b), a party has 10 days after service to file objections. However, Rule 6(a) excludes Saturdays, Sundays and legal holidays from the 10-day count. Additionally, a party that receives an order by electronic means has an additional three calendar days to file its objections. See Special Order No. 109, as adopted by LR 5-3 and LR 5-4). Here, because there were two weekends in the relevant 10-day period, ten days plus three days turned into 17 calendar days. Thus, Defendants timely filed their objections.

This dispute arises out of efforts by 26 Beverly Glen, LLC ("Beverly Glen" or "Plaintiff") to purchase approximately 66.15 acres of undeveloped real property situated in Clark County. According to the Complaint filed July 15, 2005, on May 5, 2005 Plaintiff extended a written offer to purchase the property for $125,000,000. Plaintiff alleges that on May 6, 2005, Defendants made a counteroffer that, among other things, increased Plaintiff's purchase price to $130,000,000 and provided that a $2,500,000 earnest money deposit would become non-refundable. According to Plaintiff, the terms contained in the alleged counteroffer were verbally accepted on May 6, 2005, thereby forming a contract for sale of the property. Defendants deny that an agreement to sell the subject property was reached. Plaintiff seeks specific performance of the contract and alleges claims for breach of contract, breach of implied covenant of good faith and fair dealing, and declaratory relief.

On October 19, 2005, a Discovery Plan and Scheduling Order (#20) was filed, designating February 20, 2006 as the discovery cut-off date, December 21, 2005 as the last date to disclose experts, and January 20, 2006 as the disclosure date for rebuttal experts. On January 31, 2006, the parties stipulated to extend the discovery cut-off date to July 3, 2006, the expert disclosure deadline to May 5, 2006, and the rebuttal expert disclosure deadline to June 5, 2006. (Stipulation and Order (#41)). On May 5, 2006, Plaintiff disclosed and identified three expert witnesses, including Keith Harper, a licensed appraiser. The parties then stipulated to extend the expert witness deadline to May 19, 2006 and the rebuttal expert deadline to June 25, 2006. (Stipulation and Order (#45)).

On May 19, 2006, Plaintiff provided Defendants with an appraisal report prepared by Mr. Harper ("First Report"), showing that the subject property had a fair market value of $202 million as of May 15, 2006. On the last day to disclose rebuttal expert witnesses, June 26, 2006, Defendants served Plaintiff with a rebuttal expert report from Shelli Lowe, an appraiser, showing the fair market value of the subject property was $122,380,000 in May of 2005. Upon receipt of Ms. Lowe's report, Plaintiff's new counsel[2] apparently recognized the error in Mr.

---

[2] Plaintiff's former counsel filed a motion to withdraw on May 25, 2006 and Plaintiff's present counsel entered an appearance on June 6, 2006.

2

1  Harper's valuation date and requested another appraisal report from Mr. Harper.[3] Mr. Harper's
2  second appraisal report (the "Second Report") states that the property had a fair market value
3  of $173 million in May of 2005. Mr. Harper brought his Second Report with him to his
4  deposition, at which time Defendants' counsel would not accept the report and limited
5  questioning to Mr. Harper's First Report.
6  When Plaintiff later sent a copy of Mr. Harper's Second Report to Defendants' counsel,
7  the report was returned on the grounds that it was untimely and in violation of Fed.R.Civ.P.
8  26(a)(2), the discovery plan and the scheduling order. Accordingly, Plaintiff filed its Motion to
9  Amend Scheduling Order Regarding Report of Expert Witnesses, or Alternatively to Allow
10 Rebuttal Report and Testimony of Plaintiff's Rebuttal Expert Witness. In response,
11 Defendants countermoved to strike Mr. Harper's Second Report and to prevent Mr. Harper
12 from testifying with respect to the opinions expressed in the Second Report. A hearing was
13 conducted and the Magistrate Judge issued an order permitting Plaintiff to supplement and
14 correct its expert witness disclosure by substituting Mr. Harper's Second Report in place of his
15 First Report.

16                                **II. ANALYSIS**

17 **A.    Defendants' Reply in Support of Objections**

18 Plaintiff moves to strike Defendants' Reply in Support of Defendants' Objections (#90),
19 on the basis that the pleading was filed without any authority to do so. Neither FRCP 72(a)
20 nor LR IB 3-1(a) authorizes the filing of a reply brief in support of objections to a magistrate
21 judge's ruling on a pretrial matter. Accordingly, the Court has not considered Defendants'
22 Reply in Support of Defendants' Objections (#90).

23 **B.    Standard of Review**

24 A nondispositive order entered by a Magistrate Judge must be deferred to unless it is

---

26  [3] Under Nevada law, the measure of damages in an action for breach of contract to sell real estate is "the difference between the contract price and the market value of the land on the date of the
27 breach." Stearns' Properties v. Trans-World Holding Corp., 492 F.Supp. 238, 244 (D. Nev. 1980) (quoting Harris v. Shell Development Corp., 594 P.2d 731, 733-34 (Nev. 1979)). Accordingly, the
28 relevant date for establishing damages in this case is May 11, 2005, which is the date of the alleged breach of contract.

3

1  "clearly erroneous or contrary to law." See Grimes v. City and County of San Francisco, 951
2  F.2d 236, 241 (9th Cir. 1991) (discovery sanctions are nondispositive pretrial matters that are
3  reviewed for clear error); Laxalt v. McClatchy, 602 F. Supp. 214, 216 (D. Nev. 1985); 28
4  U.S.C. § 636(b)(1)(A);  Fed.R.Civ.P. 72(a);  Local Rule IB 3-1.  The "clearly erroneous"
5  standard applies to the Magistrate Judge's factual findings while the "contrary to law" standard
6  applies to the Magistrate Judge's legal conclusions.  Grimes, 951 F.2d at 240.  A factual
7  finding is clearly erroneous if the reviewing court is left with "a definite and firm conviction that
8  a mistake has been committed." Burdick v. C.I.R., 979 F.2d 1369, 1370 (9th Cir. 1992).  Under
9  the contrary to law standard, the Court conducts a de novo review of the Magistrate Judge's
10 legal conclusions.  Grimes, 951 F.2d at 241.  Applying these standards, the Court now
11 considers whether the Magistrate Judge's Order is clearly erroneous or contrary to law.
12 **C.     Application of FRCP 37(c)(1)**
13        Defendants maintain that the Magistrate Judge has erroneously permitted Plaintiff to
14 supplement its expert witness disclosure by substituting Mr. Harper's Second Report in place
15 of the First Report, because the Second Report was not timely disclosed pursuant to Rule
16 26(a)(2) and this Court's Amended Scheduling Order.  Under Fed.R.Civ.P. 37(c)(1), the failure
17 of a party to disclose its expert's opinions in compliance with Rule 26(a)(2) generally results
18 in the party violating the rule being automatically barred from using the expert opinion
19 evidence at trial unless the party violating the rule proves that such failure was "substantially
20 justified" or is harmless."  Thus,  Mr. Harper's Second Report is inadmissible unless Plaintiff
21 demonstrates that there was substantial justification for its untimely disclosure or that its
22 untimely disclosure was harmless.  Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d
23 1101, 1107 (9th Cir. 2001).
24        Although the Magistrate Judge did not specifically address the "substantial justification"
25 and "harmlessness" factors, it is clear that he carefully and properly considered these factors
26 to conclude that Harper's Second Report should not be excluded.  Defendants maintain that
27 Magistrate Judge Foley's recognition that Plaintiff's conduct was not entirely harmless warrants
28 automatic exclusion of the Second Report.  The failure to make a timely disclosure is harmless

if such failure does not prejudice the opposing party. <u>Galentine v. Holland America Line - Westours, Inc.</u>, 333 F. Supp.2d 991, 993 (W.D. Wash. 2004) (citing <u>Yeti by Molly,</u> 259 F.3d at 1107). The Magistrate Judge specifically found that "[g]iven the importance of the value as an element of Plaintiff's case-in-chief, the prejudice to Defendants is not so great or cannot be adequately dealt with that Plaintiff's expert should be excluded, which would, in effect, be equivalent to granting summary judgment to Defendants on the damages issue." (Order (#84), p. 10). Indeed, the exclusion of Harper's Second Report would be tantamount to a dismissal of the action because Plaintiff has the burden of proving the fair market value of the property in May of 2005, and Harper's Second Report contains Plaintiff's only relevant appraisal information.

The Ninth Circuit has implied that if the exclusion of evidence has the effect of outright dismissal, as in this case, then courts should exclude such evidence only if the offending party acted in bad faith. <u>See</u> <u>Galentine</u>, 333 F. Supp.2d at 994 (Plaintiff's failure to provide expert report by deadline was harmless, where there was no evidence of bad faith and potential prejudice that defendant claimed it would suffer was not so severe as to warrant exclusion); <u>see also</u> <u>Computer Task Group, Inc. v. Brotby</u>, 364 F.3d 1112, 1115 (9th Cir. 2004) ("[W]here the drastic sanctions of dismissal or default are imposed . . . the range of [judicial] discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith.").

There is no evidence in the record of bad faith on Plaintiff's part, and the Court agrees with the Magistrate Judge's conclusion that Plaintiff's failure to comply with the expert witness disclosure deadline is not so egregious that Harper's Second Report should be excluded. Moreover, the Magistrate Judge has delineated various means of ameliorating any potential prejudice Defendants claim they may suffer and has imposed monetary sanctions upon Plaintiff for its dilatory conduct. Accordingly, with regard to the decision to not exclude Harper's Second Report pursuant to FRCP 37, the Court cannot find that the Magistrate Judge committed clear error or that the decision is contrary to law. Defendants' objections are therefore overruled and the Magistrate Judge's decision is affirmed.

**D.    Admissibility of Mr. Harper's Expert Testimony**

The Magistrate Judge summarily concluded that "the Court will permit Plaintiff's expert Mr. Harper to testify regarding the opinion in his July 7, 2006 appraisal report regarding the value of the property as of May 2005."  (Order (#84), p. 10).  Defendants object to this determination on the basis that there was insufficient information before the Magistrate Judge to demonstrate that Harper is qualified to render an opinion as an expert.

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if: (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case.

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the Supreme Court adopted a two-step inquiry in which trial judges must engage to determine "whether the reasoning or methodology underlying the [expert's] testimony is . . . valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue."  Daubert, 509 U.S. at 592-93.  In the context of admissibility of expert opinion evidence under Daubert, "it is the proponent's burden . . . to establish admissibility, rather than the opponent's burden to establish inadmissibility."  Lust v. Merrell Dow Pharmaceuticals, 89 F.3d 594, 598 (9th Cir. 1996).  Daubert requires district courts to perform a gatekeeping role to determine the admissibility of all forms of expert testimony, even the non-scientific testimony at issue here. Living Designs, Inc. v. Dupont de Nemours and Co., 431 F.3d 353, 369, n.14 (9th Cir. 2005).

The reliability of non-scientific testimony such as Harper's "depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." See Living Designs, 431 F.3d at 369, n.14 (quoting Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1017 (9th Cir. 2004)).  There is no indication that the Magistrate Judge weighed or considered Mr. Harper's knowledge and experience in reaching the decision that Harper's testimony as an expert is admissible.  The Magistrate Judge's Order also fails to address any

of the reliability and relevancy considerations identified in Daubert. As such, the Magistrate Judge abused its discretion in deciding that Mr. Harper should be permitted to testify regarding the opinion in his Second Report. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989) (a Magistrate Judge's decision is "contrary to law" if it applies an incorrect legal standard or fails to consider an element of the applicable standard - such failures constitute an "abuse of discretion"); see also Doe v. Washoe County, 2006 WL 3782851, *3 (D. Nev. 2006) (a ruling is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure"). Accordingly, to the extent the Magistrate Judge's Order addresses whether Harper is qualified to testify as an expert, Defendants' objections are sustained and the Magistrate Judge's decision on this issue is remanded to the Magistrate Judge for determination.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' Objections to Magistrate Judge Foley's Order (#88) are overruled in part and sustained in part. The Magistrate Judge's Order (#84) is affirmed in part, subject to the rulings outlined in this Order, and the issue regarding the admissibility of Mr. Harper's expert testimony is REMANDED to the Magistrate Judge. All relevant deadlines established in the Magistrate Judge's Order will run from the date this Order is filed.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendants' Unauthorized Reply (#91) is GRANTED.

DATED: This 22nd day of May 2007.

_____
UNITED STATES DISTRICT JUDGE