UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| 26 BEVERLY GLEN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  2:05-cv-00862-BES-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WYKOFF NEWBERG CORPORATION, et al., | ) | **(Motion for Setting Amount of Authorized Reimbursement - #94)** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendants' Motion for Setting Amount of Authorized Reimbursement (#94), filed on May 29, 2007; Response of Plaintiff 26 Beverly Glen, LLC to Defendants' Motion for Setting Amount of Authorized Reimbursement (#95), filed June 4, 2007; and Defendants' Reply in Support of Motion for Setting Amount of Authorized Reimbursement (#97), filed June 18, 2007.

**DISCUSSION**

In its order (#84) filed on September 20, 2006, the Court granted Plaintiff leave to supplement its expert witness disclosure by substituting its expert witness Keith Harper's appraisal report dated July 7, 2006 in place of his prior report which was disclosed on the expert witness disclosure deadline.  Mr. Harper's first report incorrectly valued the property as of May 2006, rather than at the time of the alleged breach of contract in May 2005.  Upon receipt of Mr. Harper's first report, Defendants' counsel scheduled Mr. Harper's deposition for July 3, 2006 which was the last date for discovery.[1]  On June 26,

---

[1] The deposition was subsequently postponed to July 7, 2006.

2006, Defendants served their rebuttal appraisal expert's report which alerted Plaintiff's counsel to Mr. Harper's erroneous valuation date and Plaintiff obtained a new report from Mr. Harper which valued the property as of May 2005.  Although Plaintiff served notice on June 29, 2006 that it intended to call Mr. Harper as a "rebuttal" expert, it did not provide Mr. Harper's new report to Defendants until his deposition on July 7, 2006.  Defendants' counsel proceeded to depose Mr. Harper regarding the opinions set forth in his initial May 19, 2006 report.  Following Mr. Harper's deposition, Plaintiff sought leave to supplement its expert disclosure with Mr. Harper's new report.  The Court exercised its discretion to permit Mr. Harper to substitute his July 7, 2006 appraisal report for his earlier report, but ordered Plaintiff to reimburse Defendants for the costs and reasonable attorney's fees incurred in preparing for and taking Mr. Harper's deposition on July 7, 2006.  Defendants objected to the Court's order permitting Plaintiff to substitute Mr. Harper's new report and opinion.  The District Judge has overruled Defendants' objection to this portion of the Court's order. *See Order (#93),* filed May 24, 2007.

   This matter is now before the Court regarding Defendants' motion for an award of attorney's fees and costs.  Defendants have include in their application for attorney's fees the legal research and evaluation their attorneys performed regarding whether Mr. Harper's initial appraisal opinion could be excluded because it was based on the incorrect valuation date and whether Mr. Harper could be prevented from modifying or supplementing his opinion at his deposition.   Plaintiff argues that this legal work was not properly part of Defendants' counsel's deposition preparation and should not be awarded. *Response (#95),* page 2.  In evaluating the reasonableness of Defendants' request for attorney's fees, the Court notes that Plaintiff and/or its expert were responsible for the erroneous valuation date in Mr. Harper's first report.  Plaintiff failed to timely recognize and correct the error before Mr. Harper's deposition on July 7, 2006.  Although Plaintiff's counsel requested that Mr. Harper prepare a supplemental or "rebuttal" report, Plaintiff's counsel did not inform Defendants' counsel that Mr. Harper would produce a new report prior to the deposition.

   The fact that the Court exercised its discretion to allow Plaintiff to substitute its expert's second report following his deposition does not mean that Defendants should be denied reimbursement for the fees and costs they reasonably incurred in evaluating whether Mr. Harper's initial appraisal opinion

could be excluded or whether he could be prevented from supplementing his report with a new opinion based on the correct valuation date. But for Plaintiff's error in regard to Mr. Harper's initial opinion and its failure to timely correct its mistake prior to the expert's deposition, these fees would not have been incurred by Defendants. The Court therefore finds that Defendants' counsel's legal research regarding these issues was contemplated by the Court's order (#84) and that Defendants are reasonably entitled to recover the attorney's fees incurred in researching these matters in preparation for Mr. Harper's deposition.

Plaintiff also argues that Defendants' counsel's preparation time for the deposition should be limited to 5 hours – separate and apart from legal research and evaluation regarding whether Mr. Harper's opinion should be stricken. Defendants' counsel's affidavit has not provided much detail regarding the legal work Defendants' counsel performed in preparing for the deposition, and the billing records themselves do not provide a detailed description of the services. The Court is, therefore, left to infer a reasonable amount of time in preparing for the deposition. In this case, it appears from the billing records that Defendants' counsel reviewed Mr. Harper's testimony in other cases and reviewed and considered other records or documents regarding comparable appraisals and appraisal standards. Given the alleged value of the property at issue and the damages being sought by Plaintiff, it was reasonable for Defendants' counsel to engage in detailed and careful preparation for the appraisal expert's deposition. The Court is not persuaded that 5 hours is a reasonable limit in preparing for the real estate appraisal expert's deposition in this case.

While Defendants' counsel arguably could have spent less time to adequately prepare for the deposition, the Court finds that the substantial time expended by Defendants in preparing for the deposition was not excessive. Because Defendants' counsel's affidavit does not adequately describe the legal services performed by Defendants' counsel in preparing for the deposition, and this information cannot be independently gleaned from the attached billing records themselves, however, the Court will exercise its discretion and reduce the award of attorney's fees to $17,800.00. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Setting Amount of Authorized Reimbursement (#94) is **granted** as follows: Defendants are awarded attorney's fees in the total amount of $17,800.00 and costs in the amount of $1,626.50 for a total award of fees and costs in the amount of

$19,426.50.

**IT IS FURTHER ORDERED** that Plaintiff is ordered to pay the foregoing attorney's fees and costs within 30 days of the filing of this order unless a timely objection thereto is filed.

DATED this 25th day of June, 2007.

_George Foley Jr._
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE